2-14-0639 Marston, Malarz, et al. Appellee May proceed when you're ready, Counselor. I'd like to make a preliminary motion to refer to three cases that were not cited in Appellant's initial brief or reply brief. Have you tended those to Counsel? Yes, I have. Just a few minutes ago, however. Any reason for the delay? Preparation of the timing of this oral argument. Slipped your mind? Yes, essentially. One is a second district appellate court case, and one is a first district. The other two are first district appellate court cases. Do you have a response? Your Honor, I would object to considering these new cases that I have not had an opportunity to review and consider until they were attended to. Counsel, your motion will be denied at this time. You may proceed with your argument. May it please the Court. My name is Adam Ansari, Counsel for the Appellate, Concord Air, Inc. This case is about whether the appellee had notice of the jurisdictional defects at the time to purchase the subject property on May 12th of 2012 and could assert a bona fide purchaser argument. According to 2-1401E, a third party purchaser may not protect itself from a vacated judgment if a lack of jurisdiction affirmatively appears from the record. Have you abandoned your actual notice argument? I believe that they have actual notice, but I have a transition to an inquiry notice and notice within the record. I believe that the case law within Illinois goes back and forth between actual and constructive and inquiry notice. It seems like more of an inquiry notice from the cases I have cited in the appellate's brief, namely State Bank of Lake Zerich v. Thill and Bank of New York v. Unknown Heirs and Legatees. You are alluding to going back and forth between various theories. Did you make this inquiry notice argument at the trial court level? At the trial court hearing on the 2619 motion to dismiss, the trial court specifically asked counsel whether there was notice within the record and did not specifically ask whether it was actual or inquiry. Furthermore, at the circuit court argument on the hearing to the motion to dismiss, appellee made references that no notice was included in the record at all. None that would have potentially indicated to the appellee that a lack of jurisdiction existed. In appellate's reply brief, appellate cites to Johnson v. Johnson First District Appellate Court case. We're not going around it. As you know, there's a doctrine of law that says if you don't raise an argument for the first time below, it's forfeited. And I believe that because the issue was debated at the 619 motion to dismiss and arguments and theories were talked about. That's enough to get by that doctrine. Okay. That's all we want to know. Go ahead. Yes, thank you. For the reasons to be set forth, this court should reverse and remand the trial court's decision and find that the appellee was not a bona fide purchaser because a lack of jurisdiction affirmatively appears in the record for two main reasons. First, the due diligence affidavit for service by publication does not indicate that service was attempted at the registered agent's address, contains an inconsistency as to the name of the special process server that attempted service, and it was completed six months after actual publication was made. Second, the special process server's affidavit, which was attached as an exhibit to the due diligence affidavit, states only one address where service and process was attempted, and that address is not the address listed on the corporation file detail report for the registered agent. All right. So you're saying that this documents have some allegedly erroneous information, right? Erroneous and inconsistent information. This was ultimately determined after the trial court had a hearing involving like six witnesses, right? At the 2-1401, service was quashed and jurisdiction was deemed improper. But that was after a hearing. That one was after a hearing, yes. So if the judge had to conduct an extensive hearing with six witnesses, then how were these defects apparent from the face of the record? The hearing that we're currently is on issue today is the hearing on the 6-1-9 motion to dismiss, which are two separate hearings. At the 2-1401, which occurred roughly a year prior to, evidence was presented, but at the 6-1-9 motion to dismiss, there was no evidence presented. The trial court made its ruling based upon the pleadings, and the pleadings alone. There was no inquiry further at that date into the record. Well, doesn't it go back to the Harris foreclosure record? I mean, if you're talking about a bona fide purchaser going to buy some property, and then if they're put on apparent notice of something that's apparent from the record, the record we're talking about is the Harris foreclosure record, correct? Correct. Please tell me what is in the Harris foreclosure record that's apparent from that record that shows about this corporation being dissolved and the registered agent being some other person at some other place. On the record site of C-56 to 57, C-59, and C-60, it has both the due diligence affidavit and the special process server affidavit. From those two affidavits combined with the case law from this state, those two affidavits in conjunction with the corporation file detail report would indicate that... You keep referring to the corporation file detail report. Was that in there? Yes. Just tell me where in the Harris foreclosure record that was. Record site of C-59. That's in the Harris foreclosure record? Yes, correct, Your Honor. When the due diligence affidavit was filed in the Harris foreclosure, it included exhibits there, too. And the exhibits included the corporation file detail report and included the affidavit of the special process server. And you're saying those were obviously defective on their face? They're erroneous on their face? Yes, Your Honor. Because it was the wrong address. Wrong address, and it only listed one address where service was attempted on both the due diligence affidavit and the affidavit by a special process server. And that address where they attempted service was 629 Pheasant Lane, which was not that indicated on the corporation file detail report, which is 7915 North Linder. What level of scrutiny do we impose on a party to determine whether or not a defect is apparent on the record or requires a more thorough review of all the documents and putting the pieces together? And I think the cases cited by Appellant, namely Thill and Bank of New York. I mean, in Bank of New York, the Supreme Court elicited the general rule that in determining whether a lack of jurisdiction is apparent from the record, the court must look to the whole record, which includes the pleadings, the return of process, the verdict of the jury, and the judgment or decree of court. In that, in Thill, a lack of jurisdiction was apparent from the record when the affidavit of service failed to show that a summons was served, that a copy of the summons was left with the defendant's wife, and that a copy of the summons was mailed to the defendant's address. Because of those three things in the affidavit, the court determined that the lack of jurisdiction was apparent from the record and tasked and charged the third-party purchaser with knowledge of those facts. Similarly, in Bank of New York, the unknown heirs, unlike it teased, the First District Appellate Court determined that a lack of jurisdiction affirmatively appeared in the record when there was, one, a defective affidavit, and two, allegations included in a defendant's unruled upon push and dismiss. Aren't those cases a little distinguishable? As I read, Thill involved a challenge by the actual property owner. This case involves a challenge by the junior lien holder, right? Correct, Your Honor. But in Thill, the third-party purchaser intervened as is the case here. The timing of the intervention, I agree, is different. In Thill, the intervention occurred at the 2-1401 proceedings. And in the current case, the intervention occurred after the appellant filed its foreclosure. But the same principles apply. If there is a lack of jurisdiction that's apparent in the record, a third-party purchaser cannot take the protections of a BFP pursuant to 2-1401E. It's, it's, um... There's no question. You did not challenge the sale until after Chicago title purchased it, correct? Correct. Okay. But when it was challenged, it was challenged pursuant to 2-1401F. And 2-140F, um, 2-1401F indicates that if there is a void judgment per jurisdiction, um, for a lack of jurisdiction... Well, counsel, the motion to quash the service was granted. Yes, Your Honor. We're not here to re-argue that. The point is, is it apparent on the record such that we should disavow the sale? That's the issue. And you keep going back to these affidavits. And, and I, and I think the issue before the court really is, I mean, is not necessarily whether the sale should be vacated. It is whether the 2619 motion dismissed should be reversed and remanded. That's the issue before the present court. Um, and because of the two affidavits, it was apparent from the record when you combine that with the corporation file detail report. These three documents were filed within 10 pages of each other. And were filed all contemporaneously in order to, in order to acquire, uh, leave of court to do publication service. And, and furthermore, the publication in the Harris foreclosure occurred at the time that the complaint was filed. Publication, publication was done at the beginning of the case 6 months prior to the due diligence affidavit. And these affidavits, special process server, even being filed, the, the, um, the Harris foreclosure case and the plaintiff in that case didn't, didn't perform their due diligence affidavit until subsequently. And because of those reasons, it was apparent to the record that the third party purchaser was on notice that they should have been looking further. Isn't your beef really with Harris more than the BFPs? And, and I, I mean, yes, I agree with you. Your damage is not, apparently this house was not, there was no surplus when it was sold, correct? Correct. And your argument is one that's can be maybe classified as speculative that if, if everything was vacated and the property was sold again tomorrow, that there'd be more money and maybe there'd be a surplus and then maybe your client would get some money. That's where we're at right now with this. I mean, and respectfully, you're on it. That's not the issue before the present court. The real issue is just whether the, the lack of jurisdiction was apparent from the record. I mean, and the, and what we're talking about with the surplus is currently being litigated in Lake County right now because this, the cases were deconsolidated. What we have before us and the only issue before us right now is whether the lack of jurisdiction was apparent from the record. We can't necessarily go back to a case that's not on appeal yet because. It's obviously apparent from the record, but you know, it strikes me as an aside, there's sort of an irony floating around here. And that is, isn't Chicago Title been in the business for almost a hundred years doing title searches and ensuring other people having good title to property that they purchase? Isn't that what they're actually in the business for? I believe so. I mean, and insurance. Right. So they come along and now they're buying a piece of property and after a hundred years, they can't determine that there might be a problem with this title. That's what you are. You've got to, you've got to accept that conclusion, right? I mean, and when you look at this title commitment that the appellee relies on in order to essentially take protections under two, 1401 E. I mean, that title commitment isn't in itself insufficient. I mean, the title commitment lists the Harris foreclosure as a schedule B exception and specifically indicates on the title commitment that the title company was not insuring over the rights of any interested party that could subsequently alter the judgment in the Harris foreclosure case. I mean, it wasn't insuring over the potential that the appellant comes in later with a argument that jurisdiction was not proper. If you look at the title commitment and the schedule B exceptions, paragraph 20, it'll indicate that the title company was not insuring over the rights of the potential other interested parties coming in later and altering the judgment. Is this commitment in the record? Excuse me? Is this title commitment in the record? Yes, it is, Your Honor. The title commitment is, it starts at record site C1137 and specifically what appellant is referring to is on C1141. The title history itself shows that the lien was extinguished, correct? The title, I mean, when you look at paragraph 20 of that report, it indicates that there was a foreclosure case and it doesn't necessarily see any outstanding rights, but it also indicates that it's not insuring over the potential for a defendant to come in at a later time. I mean, moreover, paragraph 4 of the conditions on that title commitment specifically states that that contract, the title commitment that we're referring, it was a contract to issue one or more title insurance policies and is not an abstract of title or a report of the condition of title. Do you do a lot of real estate? A good amount. Okay, so is that something like a standard exception a title company would have, all title companies have, following a foreclosure? It's pretty standard that a title company is not going to insure over the ability of a past defendant to then assert a jurisdictional argument. So you can't really bootstrap, use that title commitment to bootstrap your argument that there must have been a notice, right? Well, I think I can because the appellee used the title commitment in order to indicate that they were supposed to be afforded the protections of a bona fide purchaser. But appellate's argument is that, and I realize my time is up. So you have protections as to everyone except somebody that can come in and vacate this judgment based on a defect. Is that your point? Within this particular paragraph of the title commitment, yes. I mean, I couldn't say every single other party out there, but with anybody that's going to come in later and debate jurisdiction, yes. If we were to accept that as a policy consideration, wouldn't that undermine all people buying property where there is a foreclosure in the past or in the history of the property? And I think that Your Honor's exact point was addressed in the Supreme Court in Thill. I mean, in that case, the interveners argued exactly the same issues, stating that the legislature intended to protect purchasers after mortgage foreclosures. I mean, in response to that, the Supreme Court noted the importance of protecting bona fide purchasers, however stated that a purchaser is not entitled to rely on a judicial proceeding, the record of which evinces a lack of jurisdiction. But doesn't that bring us right back to whether or not this was apparent on the record? I agree, but the Thill case indicates that the public policy concerns weren't a deciding factor in that case. It looked at whether the lack of jurisdiction was apparent in the record, and because of the foregoing reasons that I've already stated, it's appellant's belief that the lack of jurisdiction was apparent in the record. You're saying if it is, it trumps everything else, right? It has to be your argument. Yes. And if it's not, you lose? Is that the position? Yes, Your Honor. If this was not apparent by those two affidavits and the corporation file detail report, you would lose. Do we hold Chicago Tiger to a higher standard than just a regular person walking in and trying to look at this record, a non-lawyer, non-legal person? I think the standard is the same, whether it's the least knowledgeable purchaser or the most sophisticated litigator, it's the same standard. Chicago Tiger was held to the same standard that any other person would, but just because it was Chicago Tiger also makes it a little bit, it just so happens that we do have a sophisticated party on the other end that even specifically indicated that they were not going to insure over jurisdictional defects. Does that mean they saw something in the record? Does that mean it's standard language and everything? What do we read into that? I couldn't tell you exactly what Chicago Tiger's thinking is, but I mean, I would postulate that it was them trying to protect themselves. I mean, protecting themselves is... Yeah, but that interpretation is not in the record. I mean, we're... No, no, Your Honor. I suggest that we can't read anything into it. I mean, the title commitment is in the record, and the paragraphs that I indicated are in the record. And do you believe my time is up, Your Honors? No. Questions? You'll have a chance for rebuttal. Okay. Thank you, Your Honors. Sure. Counsel? Thank you, Your Honors. Significantly, it is important to remember for all of these arguments that Concord was not a mortgagor in this instance, but rather a third-party junior lien holder. Does it matter for jurisdiction purposes? If the court did not have jurisdiction to enter the orders that it did, you know, personal jurisdiction over all the parties? Well, it matters that the court had jurisdiction over the mortgagor because that is not the part of the foreclosure judgment that was vacated. Ultimately, Concord made a successful argument via a motion to quash, and the foreclosure judgment was vacated as to Concord. But nothing else about the foreclosure judgment was vacated or declared void, even though Concord had attempted to get that result. So in this instance, it does matter that the mortgagor, that the foreclosure judgment and the remaining orders remained effective, including the order confirming the sale with respect to the mortgagor. The plaintiff, excuse me, Concord has made much of the argument of inquiry notice, and it is our contention that Concord waived that argument because it was brought, for the first time, on appeal. Well, is that a waiving? It's more or less forfeiture. It would be determined to be forfeiture, but really isn't forfeiture a limitation on the court? We don't have to forfeit them, do we? It is up to you. However, Illinois' case law is clear that an argument is raised if it's not, an argument is waived if it is not raised at the trial court level. Right, that's the general rule, but we can, as you said, we can ignore that and address the merits, correct? Well, Daniels v. Anderson, an Illinois Supreme Court case from 1994, states that this is very serious because it would weaken the adversarial system and our system of appellate jurisdiction and also prejudice the opposing parties. That may all be true. I would suggest you don't spend all your time trying to convince us of that because we might reach the merits. So, here's what I think you need to hone in on here, and that is the fact that he says that the defects are apparent from the record. Obviously, you're saying they're not. You must be saying they're not to be a modified purchaser for value. So tell us, he's thrown out a couple of elements, he specified why, and a couple of matters, he says it makes it clear that the defects are apparent from the face of the record. So tell us why these defects are not apparent from the face of the record. Okay. As opposing counsel noted, we have to look at the entire record, not just one or two documents. And when you look at the entire record and the entire foreclosure, Harris foreclosure record, if you examine it, there are several things that were there in addition to the one or two documents that Concord's counsel pulled out. There was a foreclosure judgment. There was an order confirming the sale. But doesn't that all fall if there was no proper jurisdiction? If there was no proper service, it doesn't matter what the judgment says. Isn't that the issue? Is the jurisdictional defect? At the time that CTLTC purchased the property, it was charged with examining the record. What it would have seen is that the court made a determination that service was proper on Concord by publication. There was a due diligence affidavit that indicated that several attempts were made to serve Concord. Hold on. Counsel said there was one. The due diligence affidavit indicated that there were several attempts to serve Concord, its agent, et cetera. That affidavit is in the record, right? That affidavit is in the record. It was the wrong agent, though, right? That was not something that came to light until the motion to quash. And we really don't know why the motion to quash was granted. There was an evidentiary hearing, six witnesses that testified, and there was no record on the date that the order was entered granting the motion to quash. So we really can't speculate as to exactly what the trial court found in order to grant the motion to quash. However, clearly there was some reason to grant that motion. Can we rely on the trial court's determination of jurisdiction over the junior link holder here? Yes, that's what we believe. Didn't Thill hold the opposite, where they couldn't rely on the jurisdictional pronouncements of the trial court? Thill is very distinguishable. What happened in the Thill case was that one of the mortgagors, and again, Concord was not even a mortgagor in this case, claimed that he wasn't properly served and filed a motion to vacate, similar to Concord's motion to quash, which was filed nine months after CTLTC had already purchased the property. In the Thill case, the interveners were the third-party purchasers who tried to argue that the mortgagor, Mr. Thill, was not allowed to collaterally attack the foreclosure judgment since innocent third-party purchaser rights had already attached. So what the BFP was trying to do in that instance was prevent Concord from even making their motion to quash and trying to stop the process at that point. However, that's not what's going on here. There's no question that ultimately Concord raised a motion to quash, and after an evidentiary hearing, briefing before and after the hearing, had their motion granted. The other case that they, that opposing counsel significantly relies on is the Bank of New York case. And that case is also distinguishable because their lack of jurisdiction, while it was found apparent in the record, was found due to a defective affidavit of service and, significantly, there was already a motion in the file of record at the time of the purchase which challenged the personal jurisdiction. So in reviewing the underlying foreclosure case, it would have been evident based on a motion to dismiss for insufficiency of service that service was an issue. In our case, however, there was no motion to quash of record yet. What there was were several documents that supported the fact that Concord was apparently served correctly. The mortgagor, Mr. Millars, was served correctly, had participated in the foreclosure. There was a summary judgment ultimately against the mortgagor, Millars. There was a default judgment order against Concord. What do we know about Millars? I mean, the question is, Concord. And do these documents, when you're looking at them, show that Concord was dissolved, Concord's agent was at one address, and there was attempted service at another address? I mean, do the documents show that? There are some facts that are in the record in terms of address, et cetera. But to somebody examining the record as a whole, which is what we are charged to do, and examining whether there's clean title at the time, there was not enough to question the fact that Concord's lien might not have been extinguished. In light of all of the documents that were in there, in light of the foreclosure judgment, we have the right to – You keep trying to – you're ignoring the specific arguments and trying to say, well, the totality of the circumstances. But that's not the test here. He's alleged that Harris knew that the plaintiff was dissolved and no longer a corporation. If that's the case, clearly there would be a notice as to where service was supposed to be effectuated. So how do you respond to that argument? Forget about the other things in the record. Did they know or should they know that they were dissolved? There is – the record showed that Concord was a dissolved corporation, but the due diligence affidavit talked about that and also indicated – How did it talk about it? The – The due diligence affidavit, which can be found at records C-56 through C-64. In paragraph three, mentioned that defendant's corporation is currently dissolved in the state of Illinois. It indicated that the process server attempted to conduct plaintiff's process of service on any office or agent of the defendant's corporation. It indicated that a skip trace was done on the defendant and process was attempted on a DeZocos Dojanov. Paragraph eight states, despite due inquiry, process servers cannot serve defendant or otherwise make contact with any other officers or agents for defendant's dissolved corporation and process cannot be served upon defendant. What was the first name they attempted to serve? Dez – What's the first name? I-L-J-C-O? D-Z-O-K-O. Okay, he's saying that if you looked at the records, they should have tried to serve Mr. I-L-J-C-O Dojanov rather than the D-Z-O-K-O Dojanov. Well, the name that is indicated in the due diligence affidavit is the same name that appears on the corporation file detail report attached as Exhibit B to the due diligence affidavit. So it is the same name. And that's the name that the due diligence affidavit claims attempt – service was attempted on. In addition, the due diligence affidavit mentions that publication service was also attempted. It is a two-page affidavit that goes through all of its several attempts to serve this dissolved corporation. And to somebody who's just examining this record without knowing every single detail about this corporation, there would be no reason to question this due diligence affidavit that was clearly considered by the trial court and was one of the grounds by which the trial court allowed publication service. Who would have objected to the contents of that affidavit? It would have been on the court, the trial court, to determine if this was not proper. And we have as – we have the right as parties to rely on the validity of judgment. If your position from Chicago Title and Trust was that you were so convinced that this was – everything was accurate, everything was done correct, everything in that affidavit is absolutely according to Hoyle, then why put the clause in the title to say we're guaranteeing everything except for all the things that fall under this due diligence affidavit that we feel is so strong and airtight? I disagree with Concord's statement earlier about what supposedly was in this title commitment. To call your attention to the title commitment itself, which is found at records C1137 through C1147, and specifically to paragraph 20, which is found on page C1143. While it's listed as one of the general exceptions, I'm going to read to you, quote, so that you understand exactly what was said. And I disagree with opposing counsel's characterization of what was in this paragraph. Paragraph 20 reads, we have examined the proceeding in case number 2010, CH636, to foreclose the lien recorded as document 6215444, and note the following. A, right of any interested party to have set aside, modified, or reversed the judgment or order entered in said case. B, right by reason of military service of any person interested in the subject matter of the case to redeem within the time permitted by the Service Members Civil Relief Act. C, defects or additional information, if any, quote, colon, none. So the purpose of paragraph 20 was to indicate to the insured party that that underlying HEERS foreclosure record was examined, and that there was no reason to believe that any lien holder had an outstanding lien. Is that an exception, though, to the policy? As counsel argues, that means that, based on the language you just read, that the title company is not insuring against the right of any party to set aside the judgment. That's not my interpretation. Because the language states, we just note the following. We note that we examine the record. It puts everybody on notice of the existence of it, and that there's nothing to question about the title, about the state of title. The courts have determined that the duty of a purchaser is to examine the state of title. And only if there is something that makes one question whether they should proceed with the transaction are you charged with examining it any further. What was it in the Thill that made the Supreme Court say, this is something that they should have looked at, as opposed to distinguishing it from this case? Well, in the Thill case, really what happened was that it was remanded to the trial court for an evidentiary hearing, similar to what was ultimately done in this case with respect to the motion of Quash. I believe the issue there was substitute service in the Thill case, and not personal service. So that's not really the same kind of service that's even at issue here. But what is significant is that the Thill case is not directly on point with respect to what Concord is trying to use it for, because the third-party purchaser was trying to stop the whole proceeding, was trying to stop the mortgagor from even challenging, making a challenge. That's not what CTLTC has done in this case. And significantly with respect to the public policy argument, language raised by Concord and raised by Thill, again, it's a key difference that Mr. Thill was a mortgagor and Concord is not that. As noted by the judge in the trial court level in our case, sheriff's deeds have to confer some kind of rights. In this case, an examination of the trial court foreclosure case, in the Harris case, there would have already been, there already was a sheriff's deed in the record at the time of the purchase. That's just one of several documents, in addition to the foreclosure judgment and the order confirming sale, that CTLTC relied upon and had a right to do so under Illinois law. Otherwise, but I guess it all still comes back to, you can look at the whole record, but this is a series, it's like a house of cards. If the jurisdiction is bad, no matter how well everything else falls in place, it fails because there was not proper jurisdiction. How can you look at all these other, the trial court made all these findings and on and on and on, and a sheriff's deed is issued. But if the basic tenant wasn't established, that there was service on this entity. If jurisdiction had not been proper as to the mortgage or Mr. Malar's in this case, similar to what would have happened in the still case, we would have had a bigger problem. We're not different. I believe it is because this person has less rights because they are a lien holder. Yes. And a junior lien holder at that. I do. That is significantly different. They're not getting the property taken. There's a case law that says we should really distinguish these other than what you're reading, because in Phil, it was the mortgagor. Some of the case law even relied upon in the briefs by Concord. One of the cases they cited was the Ted and Paul case. And it was specifically spelled out by the court in that case that it was especially important to look at that issue because ultimately you are going to be taking an owner's property away. And that's why it was especially important. But does that mean it's less important that someone has lesser rights because they're a lien holder? Are they entitled to less service? Is imperfect service enough because you are a lesser party? They're not entitled to lesser. Not when it comes to service. They're absolutely entitled to service. And that's why they brought a motion to quash significantly nine months after we already purchased the property. But nonetheless, as soon as they found out about the judgment. Well, I'm not sure that was a real, that's not clear from the record as to when they found out about it. But nonetheless, we have to assume that. Well, anyway, let's, we're getting both. But it is significant in this case because the fact that they were a junior lien holder and the fact that they, there's no evidence that they would have had any damage whatsoever to allow a party such as this. Wait a minute. They have no damages. Isn't that what the case that's still pending is all about? Well, what I mean is in terms of they would have, the bottom line facts in this case are that Harris had a $2.6 million mortgage. Concord had a $900,000 junior mortgage. Nobody disputes the fact that Concord's mortgage was junior. The property ultimately sells at sale for $1.4 million. That left a deficiency of over $1.5 million that would have had to be collected before Concord could have even had a claim to any monies whatsoever. What does it have to do with personal jurisdiction? It has nothing to do with personal jurisdiction. And that is why the court, that is why the judgment was ultimately vacated with respect to Concord. But there was no reason to undo the entire sale when the mortgagor had participated and had, and all rights were deemed extinguished of previous mortgagors as a result of the remaining proceedings. You go back and forth. I think your time is up about this all morning. Do you have a single case that says that the proceedings show a lack of personal jurisdiction on a junior lien holder that can be ignored because it's a junior lien holder? Do you have a case that says that? I do not have a case that distinguishes the two. We don't get into these other considerations as far as I can tell. I don't have any further questions. Do you have any questions? I'll give you a minute to just sum up your thoughts because we did sort of pepper you with questions. So if you want to make a final thought or remark. At the end of the day, Your Honor, what we are stating is that the trial court got it right. The trial court concluded that CTLTC was a bona fide purchaser and that the record showed that all previous mortgagors' interests were extinguished. And based on that, CTLTC was entitled to a grant of its motion to dismiss Conn's Court's complaint with prejudice, which we ask that you affirm. Thank you. Thanks. Counsel, do you wish to make a rebuttal argument, reply argument? Yes, Your Honor. Okay. Let me just start you with a question because I think it's what counsel was tying up with. Let's say that assuming argument there was an apparent problem with this jurisdiction as to your client and your argument as to your client only, not as to anybody else. The fact that we're dealing with a junior lien holder who then has the option or the opportunity, I should say, to prove up its damages against the party that messed up on the jurisdiction, the original mortgagee. Why would we then throw out a bona fide purchaser for value when your client has damages available to it? And respectfully, Your Honor, I don't believe that that's an issue before the court. I mean, the cases were consolidated at one point and then in motions they were deconsolidated. The Harris foreclosure is currently being litigated in Lake County. I mean, and no potential damages have come out of that case yet. The appellant needs to attempt to foreclose on the property because their rights, as the circuit court correctly indicated, were there was a lack of jurisdiction and they have an outstanding lien on the property now. I mean, because there is no judgment yet on Concord Air, they have the ability to foreclose. I mean, the any other any other indication or. But I mean, Judge Hoffman sat in equity. I mean, he sat in a you know, he has he's in your court of general jurisdiction. So he sits in equity. So if you're sitting there in equity and you're thinking, OK, they may have damages and they may not have damages. Why am I going to toss out a bonafide purchaser for value on the speculation that your client may have damages? And I couldn't. I couldn't tell you the reasoning behind the circuit court's decision to grant the two six one nine motion dismiss. But I can tell you that the lack of jurisdiction at that time was apparent from the record. And if the circuit court had looked at the record, I mean, it looked at the record previously, but not that hearing and looked at the record at the two fourteen oh one hearing. But at the two six one nine that the current appellee filed and was granted, you know, I feel like I'm saying this over and over. But, you know, the lack of jurisdiction was apparent at that time. Let me write something specific. You've alleged that Harris Bank knew the plaintiff was dissolved in the Longora Corporation, right? You've alleged that. Correct. What are you basing that on? That Harris Harris Bank knew that the corporation filed a detailed report in the due diligence affidavit. The corporation filed a detailed report as the appellant has stated, indicated that the registered agent was located at seven nine one five Northlander and the registered agent's first name was. What did she refer to? She says when I asked her that she gave me an answer that said they served the right party at the right address. And what does that affidavit say? Who did they try and serve at what address? They attempted to serve the son of the registered agent. By the name of what? The son's name is Joko. D.Z.O.K.O. The father's name, who is the registered agent, is Gojko. I.L.J.C.O. Yes. So you're saying they attempted to serve D.Z.O.K.O. Stojanov instead of I.L.J.C.O. Stojanov. Yes. That's what that affidavit says that she was referring to. Is that what you're saying? Yes. So you're saying that clearly they attempted to serve the affidavit that they're relying on and its face shows they tried to serve the wrong person. Correct? Correct. At the right address. At the right address or the wrong address? At the wrong address as well. Wrong person, wrong address. Wrong person, wrong address. That's what her affidavit says. And the due diligence affidavit states that it's going to attach Exhibit C, the affidavit of a Mark Brenna. The affidavit that was actually attached was for a different process server, Daniel Bocktold. You know, I don't know what exactly Mark Brenna did, but it's not of, you know, the affidavit of Mark Brenna is not of record. What's of record is an affidavit of a separate and distinct other special process server. Okay. Let's cut to the chase. The only affidavit there, according to you, shows they attempted to serve the wrong person at the wrong address. Correct? There's no affidavit anywhere in this record showing who you believe to be the right person at the right address. Correct? Only the corporation file detail reports. No. Besides that, no. And that's not an affidavit. Correct. Right. From their process server. From their process server. I mean, I think I'm a little unclear as to your honest question. Are you indicating that was there an affidavit that they did serve at the correct address? Or attempt to serve at the correct address, at the lender address, the right person. There is no affidavit in the record that indicates that they attempted to serve. And it specifically lists 7915 North Linder. There's no affidavit within the record that specifically says they attempted to serve at 7915 North Linder. And a check of the corporation records would reveal that that was the person who had to be served. Is that what you're saying? Correct. Okay. Your argument, I would imagine also, is that the trial court should have vacated this judgment as to all parties on your motion to quash the service. Correct? No, Your Honor. Not judgment as to all parties. Just judgment as to Concord Air. I mean, it's the appellant's opinion that, you know, the judgment on the borrower, appellant doesn't, can't necessarily comment or indicate whether. I mean, that point, we have a foreclosure sale. Let's be clear what the judgment is. The judgment is the confirmation of the sale to another party. Okay. I apologize. You would say that you wanted that whole thing vacated as to everybody, correct? At the time, yes. Okay. So let me ask you this. If you're not successful in that case, are you coming up here arguing the same thing to us? You have a second bite at the apple? I couldn't necessarily tell you exactly what's going to happen at that point. I know you can't, but I'm just saying, if you're saying that that foreclosure sale should have been vacated, that confirmation order should have been vacated as to all parties, then you come back up here. If you lose down there now, you know, when that case is resolved, you come back up here. You're arguing the same thing to us again. It may not be race judicata because you have different parties. You've got Harris involved. Now, Harris isn't here right now. I mean, should you give a second bite at the apple? And I do understand your Honor's point, but respectfully, that issue was not briefed out, was not part of what the appellant and the appellee could argue because those cases were deconsolidated. I mean, what is currently before this court is just the third-party purchaser and the mortgage holder, I mean mortgage company, the appellant. I mean, what is going to happen when the Harris foreclosure is adjudicated properly this time is not an issue right now. And I do understand your, you know, and I can appreciate it, but I can't, the appellant can't necessarily state what it's going to do at that time or what it's going to do because it hasn't, it hasn't briefed out that issue. I mean, the only issue right now is whether the jurisdiction was proper and whether the third-party purchaser was on, should have been on notice because of the record. And then, you know, for the foregoing reasons, we ask that the trial court's decision be reversed and remanded for further proceedings. Thank you. Okay, we will be in recess until our third and final argument this morning.